UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. __21-60332-CR-SMITH__

UNITED STATES OF AMERICA

v.

**MICHAEL E. SIMPSON JR.**,

          **Defendant.**

_____/

## FACTUAL PROFFER

The United States of America and Michael E. Simpson Jr. agree that had this case gone to trial, the United States would have proven the following facts, among others, beyond a reasonable doubt:

1. In and around August 2021, law enforcement received a cyber tip from the National Center for Missing and Exploited Children (NCMEC) that a ten-year-old female ("Victim") whose date of birth is August 2011, advised family members that defendant Michael E. Simpson Jr., who is the paramour of the Victim's mother, engaged in improper sexually explicit conduct with her.

2. On August 19, 2021, the Victim participated in a forensic interview. During the interview, the Victim advised that, between January and August 2021, the Victim and her younger sister were passengers in Simpson's vehicle, a four-door Acura sedan, while the Victim's mother was at work. Records from Florida's Driver and Vehicle Information Database ("DAVID") confirmed that Simpson is the registered owner of a four-door Acura, bearing license plate LTYA26. The Victim stated that, while inside Simpson's Acura, Simpson showed a video to the Victim which depicted sexually explicit conduct in the video. The Victim stated that Simpson then drove the Victim to a Target parking lot near the Victim's home. Once there, Simpson asked the

Victim whether she wanted "to be my big girl?" before asking her if she "want[ed] to play with my thing?"

3. On September 9, 2021, after Simpson waived his rights under <u>Miranda</u>, law enforcement conducted a post-<u>Miranda</u> interview of Simpson. During the interview, Simpson admitted to occasionally driving the Victim and her younger sister from place to place in his brown Acura since beginning a relationship with their mother. Simpson stated that, on one occasion in the fall of 2019, he had driven the Victim along with her mother and sister to a shopping plaza in the Victim's neighborhood so the mother could go shopping. The mother left the Victim and her sister alone in the vehicle with Simpson while she shopped. After the younger sister fell asleep, Simpson began watching pornography on his cellphone. Simpson held the cellphone in a position in which the Victim could clearly see the pornography. Simpson then removed his penis from his pants, began masturbating, and stroked his erect penis in such a manner as to make sure that the Victim could clearly see his penis and the masturbation. Simpson admitted that he asked the Victim, "Do you wanna watch?" and "if you want to help you can" but claimed that the Victim responded, "no thank you." Simpson advised that he continued to masturbate in view of the Victim until he ejaculated in his hand. Simpson stated that after ejaculating, he then asked the Victim, "Do you want to try the white stuff?" Simpson stated that the Victim indicated that she was not interested. Simpson claimed that he "apologized to her" and "told her I loved her." Simpson admitted to telling the Victim not to tell anyone about what happened because "I will go away for a long time." Simpson stated that he began watching pornography in high school. Simpson stated, "I got older but they stayed the same age and I never grew out of that interest." He stated that the Victim looked older and that is how he got into this current situation. Simpson acknowledged knowing what he did is "wrong and illegal" adding, "Even though I did what I did, I think it's

2

disgusting."

4. During all communications, Michael E. Simpson Jr. was in the Southern District of Florida, specifically Broward and Palm Beach County.

5. Cellphones are facilities of interstate and foreign commerce.

6. The parties agree that Michael E. Simpson Jr. enticed, coerced, persuaded, and induced the Victim – a minor – to engage in sexual activity for which any person can be charged with a criminal offense.

7. The information contained in this proffer is not a complete recitation of all the facts and circumstances of this case, but the parties admit it is sufficient to prove beyond a reasonable doubt that a violation of Title 18, United States Code, Sections 2422(b), had occurred.

Respectfully,

JUAN ANTONIO GONZALEZ
UNITED STATES ATTORNEY

Date: 10/17/2022

By: _____ FOR:
AJAY J. ALEXANDER
ASSISTANT UNITED STATES ATTORNEY

Date: 10/17/22

By: _____
DAVID SOBEL, ESQ.
COUNSEL FOR DEFENDANT

Date: 10/17/22

By: _____
MICHAEL E. SIMPSON JR.
DEFENDANT

3